36 F.3d 1091
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Patranella E. CHAMBERS, Plaintiff-Appellant,
v.
Colonel Maxwell BAILEY; Major Richard Rognebaugh; United
States of America, Defendants-Appellees.
 No. 93-2382.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 31, 1994.
 Decided: September 20, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. Malcolm J. Howard, District Judge. (CA-92-20-3-H)
 C. Leon Lee, II, Barton & Lee, Fayetteville, North Carolina, for Appellant.
 Major Carla S. Walgenbach, General Litigation Division, United States Air Force, Arlington, Virginia; J. Douglas McCullough, United States Attorney, Stephen A. West, Assistant United States Attorney, Raleigh, North Carolina, for Appellees.
 E.D.N.C.
 AFFIRMED.
 Before NIEMEYER, HAMILTON, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Patranella E. Chambers was a captain in the United States Air Force at the time she filed this action in February 1992. She had a separation date of February 29, 1992, because she failed twice to be promoted to major. She believed that she was entitled to have the Medical Evaluation Board (MEB) evaluate her fitness for duty prior to her discharge because she allegedly became disabled while on active duty. She filed this lawsuit pursuant to 28 U.S.C. Sec. 2201 (West Supp.1993), requesting that the Air Force be enjoined from discharging her until a determination could be made by the court regarding her entitlement to have the MEB evaluate her. On February 28, 1992, the district court entered a temporary order restraining the Air Force from discharging Chambers pending a hearing on the preliminary injunction, which was scheduled for March 17, 1992. On that day, the court issued an order finding that the United States Air Force had begun the process of an evaluation by the MEB for Chambers, and continuing the restraining order until the Air Force completed the process of the MEB evaluation according to the applicable regulations.
 
 
 2
 As a result of the MEB process, the Secretary of the Air Force directed that Chambers be medically discharged and receive severance pay with a disability rating of twenty percent. Defendants moved to dismiss Chambers's complaint as moot on September 10, 1992, because she effectively received the relief that she requested in her complaint. The court allowed Chambers's counsel to withdraw his representation on September 25, 1992. On September 30, 1992, Chambers, acting pro se, responded to defendants' motion to dismiss, alleging numerous defects in the convening and operation of the MEB. She contended that as a result of the claimed defects, she had not received the relief she requested in her complaint and that the Air Force had not complied with the terms of the court's prior orders, precluding a finding of mootness. On December 14, 1992, the court granted Defendants' motion dismiss for mootness, noting that "[w]hile in a general sense, Captain Chambers has an ongoing dispute with the United States over separation or retirement benefits, in this action she asks only for a medical board, which she received." Chambers did not appeal the decision. Chambers filed a petition for attorney's fees on June 9, 1993. The magistrate judge denied the petition after finding it was untimely under the Equal Access to Justice Act, 28 U.S.C. Sec. 2412(d)(1)(B) (West Supp.1993). Chambers appealed the magistrate judge's decision to a district court. The district court agreed with the magistrate judge that the petition was untimely filed.
 
 
 3
 The Equal Access to Justice Act (EAJA) awards attorney's fees to a prevailing party in a civil action against the United States when an application is filed within thirty days of final judgment. 28 U.S.C. Secs. 2412(d)(1)(B), (d)(2)(G) (West Supp.1993). Chambers acknowledges that a petition for EAJA fees must be filed within thirty days of final judgment. She contends, however, that the district court's dismissal of her complaint in December 1992 was not a final judgment because she had to exhaust administrative remedies to challenge the MEB's disability determination before instituting a civil action. Whether the judgment entered by the district court was a "final judgment" for purposes of the EAJA is a legal issue, which this Court must review de novo. Morris v. McCaddin, 553 F.2d 866, 870 (4th Cir.1977).
 
 
 4
 Under the EAJA's thirty day requirement, Chambers's petition for attorney's fees had to be filed by March 14, 1993, but she did not submit her application until June 9, 1993. Thus, the application did not satisfy the EAJA's statute of limitation requirement, and the district court properly denied the petition.
 
 
 5
 Chambers's contention that the district court's dismissal was not a final judgment is meritless. The Supreme Court has recognized that a "final judgment" for purposes of 28 U.S.C.Sec. 2412 is one that is " 'final and not appealable.' " Melkonyan v. Sullivan, 501 U.S. 89, 95 (1991); 28 U.S.C. Sec. 2412(d)(2)(G). The district court dismissed Chambers's Complaint as moot on December 14, 1992. Because Chambers did not appeal this decision, it became final and unappealable sixty days later, on February 12, 1993, when the time for taking an appeal expired. Melkonyan, 501 U.S. at 96; Fed. R.App.
 
 
 6
 P. 4(a)(1). Furthermore, the court's judgment was final because it terminated the civil action instituted by Chambers in February 1992. Melkonyan, 501 U.S. at 93-97. Therefore, the district court properly denied Chambers's petition for attorney's fees as untimely filed.
 
 
 7
 We affirm the district court's decision denying Chambers's petition for attorney's fees. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 AFFIRMED